HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM D. WEBSTER, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, DEPARTMENT OF RETIREMENT SYSTEMS, <br><br> Defendants. | Case No. C09-5776 RBL <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING VARIOUS OTHER MOTIONS AS MOOT <br> [Dkt. #s 27, 28, 36, 37, 38, 39, 40, 43] |

THIS MATTER is before the Court on Defendant's Motion to Dismiss. [Dkt. #28]. This case arises out of Plaintiff William Webster's dissatisfaction with the state court's property division in his marital dissolution. Webster is an employee of the Washington State ferry system. Webster argues that the property division order from his 2008 marital dissolution is invalid because it does not comply with 46 U.S.C. § 11109, which states that "[w]ages due or accruing to a master or seaman are not subject to attachment or arrestment from any court." 46 U.S.C. § 11109(a). Defendants seek dismissal of Webster's claim on the ground that this Court lacks subject matter jurisdiction. For the reasons set forth below, the Court **GRANTS** Defendant's motion and Plaintiff's claims are **DISMISSED**.

Webster's marriage was dissolved on June 13, 2008 in Kitsap County Superior Court. [Dkt. #28 at 3]. As an employee of the Washington Department of Transportation, Webster had a retirement plan which

ORDER
Page - 1

1  was divided in half per the superior court's property order. *Id.* The court entered a separate dissolution
2  decree. *Id.* Webster appealed the dissolution decree to the Washington Court of Appeals, which affirmed
3  the lower court's decision. *Id.* at 5. Webster's petition for review by the Washington Supreme Court was
4  denied. *Id.* Webster never appealed the property division order.

5  Webster did eventually write to the Department of Retirement, stating that the division of his pension
6  was improper per 46 U.S.C. § 11109. *Id.* The Department responded that the court order was valid, and it
7  split the pension as required by that order. *Id.* Webster reasserted his claim in another letter, and the
8  Department reiterated its position, and notified Webster he had the right to an administrative appeal if he
9  chose. *Id.* Webster did not file an administrative appeal. Instead, he filed this suit, asking this Court to ignore
10 the superior court's property order, and to return his pension money to him. [Dkt. #1 at 8-9].

11 Webster has not established that this Court has subject matter jurisdiction over his claim. Under the
12 *Rooker-Feldman* doctrine, federal courts do not have jurisdiction to hear cases based simply on a plaintiff's
13 desire to "undo" a state court order. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003); *see also*
14 *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldmen*, 460 U.S. 462, 482-
15 83 (1983). "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court
16 judgments rendered before the district court proceedings commenced from asking district courts to review
17 and reject those judgments." *Heinrichs v. Valley View Dev.,* 474 F.3d 609, 613 (9th Cir. 2007) (internal
18 quotations omitted).

19 Recently, the Ninth Circuit dismissed a case under the *Rooker-Feldman* doctrine where the plaintiff
20 asked the court to enjoin the state court's order which required the splitting of his ERISA pension benefits.
21 *Carmona v. Carmona*, 603 F.3d 1041, 1051 (9th Cir. 2010). The *Carmona* court specifically noted that the
22 plaintiff requested relief from the state court judgment, which is directly prohibited by *Rooker-Feldman*. *Id.*
23 In the instant case, Webster's alleged injury stems from his dissatisfaction with the state court's property
24 division determination. Much like the plaintiff in *Carmona*, Webster asks this Court to find the state court
25 order erroneous and undo it. This Court does not have jurisdiction to do this.

26 Webster relies on *McCarty v. McCarty*, 453 U.S. 210 (1981) for the proposition that federal statutory
27 law prohibits the division of military retirement funds and supercedes any state court determinations to the
28 contrary. However, *McCarty* has been overturned. *See* 10 U.S.C. § 1408(c)(1). "Subsection 1408(c)(1) of

Title 10 specifically overrides the decision in *McCarty* and authorizes courts to treat retirement benefits as community or separate property in accord with the law of the applicable state." *Steel v. United States*, 813 F.2d 1545, 1548 (9th Cir. 1987). This is true in relation to 46 U.S.C. § 11109, as well.

This Court does not have subject matter jurisdiction to hear Webster's claim, pursuant to the *Rooker-Feldman* doctrine. Accordingly, Defendant's Motion to Dismiss [Dkt. #28] is **GRANTED** and Plaintiff's claims are **DISMISSED**.

Also before the Court are Plaintiff's Motion for Summary Judgment [Dkt. #27], Plaintiff's Motion to Strike [Dkt. #36], Plaintiff's Motion for Three Judge Court [Dkt. #37], Plaintiff's Motion for Recusal [Dkt. #38], Plaintiff's Motion for Reconsideration [Dkt. #40], Plaintiff's Motion for Sanctions [Dkt. #43], and Defendant's Motion to Continue Plaintiff's Newly Filed Motions [Dkt. #39]. All of these motions are **DISMISSED** as moot and the case is terminated.

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE